# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE H. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1375 CAS |
| | ) | |
| CHARLES LEEROY WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "Motion to Perpetuate George Cook's Testimony Due to His Impending Death and Request for Hearing." The Court construes this motion as one for expedited discovery under Rule 26(d)(1), Federal Rules of Civil Procedure.

**Background**

This is a diversity action in which plaintiff claims that he suffered serious personal injuries on April 1, 2009, when an eighteen-wheel tractor trailer being operated by defendant Williams backed up and crushed plaintiff between the truck's trailer and the loading dock on which plaintiff was working. Plaintiff asserts claims of negligence against both defendants in Count I of the Amended Complaint and negligent hiring, retention and/or supervision against defendant Cherry City Express in Count II. The defendants have not yet been served with summons and complaint in this action.

Plaintiff seeks expedited discovery on the basis that he is suffering from Stage IV lung cancer and is estimated to have only a few weeks to live. Plaintiff seeks to have his video deposition taken in order to preserve his testimony.

**Discussion**

Rule 26(d)(1), Fed. R. Civ. P., provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f), Fed. R. Civ. P. The rule is subject to certain exceptions, including a court order permitting discovery. Because this case is in its earliest stages and no service of process has occurred, the parties have not met and conferred, and plaintiff moves for expedited discovery ex parte.[1]

This Court has previously observed that courts generally use one of two standards to determine whether a party is entitled to conduct expedited discovery. "Some courts apply a 'good cause' or 'reasonableness' standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction." Monsanto Co. v. Woods, 250 F.R.D. 411, 413 (E.D. Mo. 2008) (Jackson, J.). The Eighth Circuit Court of Appeals has not adopted a standard for expedited discovery, but this Court adopted and applied the "good cause" standard in Monsanto. Id. "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to responding party." Id. (cited cases omitted).

In this case, plaintiff has shown good cause for limited expedited discovery, specifically the preservation of his testimony by means of a video deposition. The discovery is requested because plaintiff has been diagnosed with a terminal illness and given the prognosis of weeks to live. As a

---

[1]Plaintiff asserts that the liability insurer for defendant Cherry City Express has assigned an attorney to represent both defendants in this matter, but no entry of appearance has been made. Plaintiff states that his attorney contacted the defendants' assigned attorney and provided him with a courtesy copy of the Amended Complaint, the instant motion, and plaintiff's Rule 26 initial disclosures on September 24, 2009, but the attorney refused to agree to the requested expedited discovery. Plaintiff also states that a copy of the instant motion and his Rule 26 disclosures will be served with the summons and Amended Complaint on defendant Cherry City Express.

result, there is a clear and compelling need for plaintiff to preserve his testimony. Plaintiff does not seek expedited discovery in general, and it should not be overly burdensome for defendants' counsel to participate in the deposition. The Court therefore concludes that the need for expedited discovery outweighs any prejudice to the defendants.

Plaintiff states that defendant Williams was fired by defendant Cherry City Express, has moved from his last address, and is an over-the-road truck driver whose whereabouts and current residence are unknown. Plaintiff states that "representatives" of defendant Cherry City Express have advised that their counsel will also represent Williams, but will not enter an appearance on his behalf until Williams is served with summons and complaint. Plaintiff does not expect to be able to locate defendant Williams immediately, but asserts that to proceed with the deposition would not prejudice Williams, as the defendants' interests in cross-examining plaintiff would be the same. In the alternative, plaintiff asks the Court to appoint counsel for defendant Williams for the limited purpose of the deposition. The Court does not believe that appointment of counsel for defendant Williams is necessary, and plaintiff has not indicated the basis of the Court's authority to make such an appointment.

Plaintiff also requests that the Court conduct a hearing on his motion for expedited discovery, but the Court finds a hearing is not required.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Perpetuate George Cook's Testimony Due to His Impending Death and Request for Hearing" is **GRANTED** to the extent that plaintiff is granted leave to take limited expedited discovery pursuant to Rule 26(d)(1), Fed. R. Civ. P., and may schedule the taking of his video deposition at a time and date to be determined by

plaintiff. Plaintiff should provide notice of the deposition to the defendants, their liability insurer, and the assigned attorney. Plaintiff's request for a hearing on the motion is **DENIED** as moot. [Doc. 3]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of October, 2009.